Jared G. Keenan (027068)
Anne Ronan (006041)
Nicholas Ansel (038448)
Antonia M. Langowski (041096)
Arizona Center for Law in the Public Interest
352 E. Camelback Road, Suite 200
Phoenix, AZ  85012
(602) 258-8850
(602) 926-0214 (Fax)
jkeenan@aclpi.org
aronan@aclpi.org
nick@aclpi.org
antonia@aclpi.org

William H. Knight (030514)
National Homelessness Law Center
1400 16th Street NW, Suite 425
Washington, D.C. 20036
(202) 638-2535
 whknight@homelesslaw.org

Brenda Muñoz Furnish (027280)
Michelle J. Simpson (020199)
William E. Morris Institute for Justice
3707 N. 7th Street, Suite 101
Phoenix, AZ  85014
(602) 252-3432
bmfurnish@mijaz.org
mjsimpson@mijaz.org

*Attorneys for Plaintiffs Circle the City
and Valle del Sol, Inc., d/b/a Valle del Sol Community Health*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Circle the City and Valle del Sol, Inc., d/b/a Valle del Sol Community Health,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, a political subdivision of the State of Arizona; Matthew Giordano, in his official capacity as Chief of the Phoenix Police Department; Martin Whitfield, in his official capacity as Parks and Recreation Department Director,<br><br>Defendants. | Case No. 2:26-cv-04222-DJH<br><br>**REPLY IN SUPPORT OF MOTION TO TRANSFER**<br><br>(Assigned to Hon. Diane J. Humetewa) |

Defendants do not oppose transfer. Indeed, Defendants agree that transfer of this case will yield judicial "efficiencies." First, Defendants concede that one claim is identical in both cases: the challenge to the permitting scheme as a prior restraint. They also agree that "the City's interest and evidence justifying reasonable regulation of food distribution and medical-treatment activities in its parks" will have significant overlap in both cases. And Defendants do not contest that developing such overlapping evidence through limited discovery would be more efficient if overseen by a single judicial officer managing both cases.

However, Defendants confusingly argue that Plaintiffs' claim regarding expressive activity has no relationship to the expressive activity claim in *St. Herman's Table v. City of Phoenix*, No. CV-26-03882-PHX-KML (D. Ariz). *Compare* Plaintiffs' Complaint for Declaratory and Injunctive Relief ¶¶ 83–90 (Count I) *with* Exhibit A to Plaintiffs' Expedited Motion to Transfer (Complaint filed in *St. Herman's Table, et al. v. City of Phoenix, et al.*, No. CV-26-03882-KML) ¶¶ 67–85 (Count III). Not so. Both claims require the same legal standard, the same First Amendment principles, and—as Defendants concede—the same government justifications for its speech restrictions.

Thus, two of Plaintiffs' three claims overlap with those brought in *St. Herman's Table v. City of Phoenix*, No. CV-26-03882-PHX-KML (D. Ariz). Of course there are *some* differences between these cases. In moving for transfer, Plaintiffs already acknowledged the same differences that Defendants repeat in their Response.[1] But this does not significantly alter the calculus, because the test for transfer is not (as Defendants argue) whether the claims in each case "will necessarily rise and fall together." The test is whether the cases "call for determination of substantially the same questions of law" and

---

[1] Defendants misrepresent the holding in *Santa Monica Food Not Bombs v. City of Santa Monica* ("*Santa Monica*"), 450 F.3d 1022 (9th Cir. 2006). There, plaintiffs failed to bring a facial challenge, so the Court held it could only resolve the issues in that case on an "as-applied" basis. *Id.* at 1032. But *Santa Monica* did not, as Defendants suggest, foreclose all facial challenges in this context—that issue was not before the Ninth Circuit. *See id.* Here, Plaintiffs in both cases have brought both facial and as-applied challenges.

whether transfer will serve "judicial economy." Local Rule 42.1(a); *Cagle v. Ryan*, 2018 WL 2688775, at *1 (D. Ariz. 2018). Critically, the actions need not be "identical" to justify transfer; identical actions are not required even under the more demanding standard for case consolidation. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999).

The substantial similarities between the legal claims in these two cases, the overlapping discovery questions, and the pending actions regarding challenges to the same City of Phoenix Ordinance all justify transfer. That is particularly true here, where no party opposes transfer, and no party has raised any "inconvenience, delay, confusion, or prejudice" that would result from transfer. *See Takeda*, 67 F. Supp. 2d at 1133. To the contrary, Defendants have argued that a staggered briefing schedule will "afford the City a fair opportunity to defend itself as to all claims." Such staggered briefing can be managed more easily by a single judicial officer.

Accordingly, Plaintiffs respectfully request this case be transferred such that it can be managed alongside the parallel action brought by St. Herman's Table.

RESPECTFULLY SUBMITTED this 29th day of June, 2026.

**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**

*/s/ Jared G. Keenan*
Jared G. Keenan
Anne Ronan
Nicholas Ansel
Antonia M. Langowski
352 E. Camelback Rd., Suite 200
Phoenix, AZ  85012

**WILLIAM E. MORRIS INSTITUTE FOR JUSTICE**

Brenda Muñoz Furnish
Michelle. J. Simpson
3707 N. 7th Street, Suite 101
Phoenix, AZ  85014

2

**NATIONAL HOMELESSNESS LAW CENTER**

William H. Knight
1400 16th Street NW, Suite 425
Washington D.C. 20036

*Attorneys for Plaintiffs Circle the City and Valle del Sol Community Health*

3

**Certificate of Service**

I certify that on June 29, 2026, I filed this document via the Court's CM/ECF filing system and transmitted the same via electronic mail to:

**PERKINS COIE LLP**
Jean-Jacques Cabou
Margo R. Casselman
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
JCabou@perkinscoie.com
MCasselman@perkinscoie.com
DocketPHX@perkinscoie.com
ilafever@perkinscoie.com

Jonathan P. Hawley
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
JHawley@perkinscoie.com
jstarr@perkinscoie.com

*Attorneys for Defendant City of Phoenix*

Christopher J. Charles
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
tim@providentlawyers.com
fileclerk@providentlawyers.com
lisa@providentlawyers.com

Ann-Marie White René
Steven McFarland
Center for Law & Religious Freedom
8001 Braddock Road, Ste 302
Springfield, VA 22151
Arene@clsnet.org
smcfarland@clsnet.org

*Attorneys for Plaintiffs St. Hermans
Table and Lance Brace*

/s/ *Jared G. Keenan*
Jared G. Keenan

4