**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Circle the City, et al., | No. CV-26-04222-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

At issue is an Amended Preliminary Injunction Motion filed by Plaintiffs Circle the City and Valle del Sol, Inc. (collectively "Plaintiffs"). (Doc. 37). With the parties' input, the Court set a briefing schedule and set the matter for an August 12, 2026, hearing. (Doc. 3). Defendant City of Phoenix has since filed a Response and Plaintiffs filed a Reply. (Docs. 40 & 43). After a review of the briefing and for the reasons stated below, the Court will deny Plaintiffs' request for a preliminary injunction and vacate the August 12, 2026, hearing on the matter. *See* Fed. R. Civ. P. 78(b) (stating that a court may decide motions without oral hearings); LRCiv 7.2(f) (same).

## I.    Background

Circle the City provides charitable aid to individuals experiencing homelessness throughout Phoenix. (Doc. 37 at 3). Specifically, they provide medical care of all sorts, including primary, preventative, and behavioral care. (*Id.*) That care includes the use of needles, IV fluids, and bandages. (*Id.*). Though providing medical care is the predominant focus it "sometimes include[es] food or essential nutritional supplements." (*Id*. at 2). Valle

del Sol provides similar services to address addiction and chronic health issues among the homeless. (*Id.*) Because of the nature of their work, both Circle the City and Valle del Sol say they are licensed by the Arizona Department of Health Services. (*Id.* at 4). They also say they diligently comply with all waste removal ordinances and ordinances meant to control litter and overcrowding when providing their services. (*Id.*)

The City of Phoenix has an ordinance that Plaintiffs say is particularly onerous and burdens their mission. (*Id.*) Phoenix City Code § 24-45 ("Ordinance"), according to Plaintiffs, restricts the provision of medical care and food distribution when those services are geared towards "vulnerable persons" or for "charitable or other humanitarian purposes." (*Id.*) For Plaintiffs, the distinction between the general population and vulnerable populations matters because they view this restriction as a content-based restriction on their speech. (*Id.* at 5). Other sections of the Ordinance that Plaintiffs are challenging are those that give the Director of Parks and Recreation wide discretion to issue permits a limit of two daily permits each month and only for select parks. (*Id.* at 4). Plaintiffs also take issue with the Ordinance's ban on the distribution of needles in public parks. (*Id.*)

If the preliminary injunction is not granted in their favor, Plaintiffs say their respective missions will be severely imperiled. (*Id.*) The argument is rooted in the conception that Plaintiffs' provision of food and medical care to the homeless is purely expressive activity or, alternatively, expressive conduct protected by the First Amendment. (*Id.* at 6–7). In particular, Plaintiffs would like this Court to find that a preliminary injunction should issue because the Ordinance is an unconstitutional content-based restriction on speech and that the permitting scheme allows impermissibly broad discretion to the Director. (*Id.*)

## II.    Legal Standard

Preliminary injunctions are "extraordinary" remedies that are "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain an injunction, plaintiffs "must establish that [they are] likely to succeed on the merits, that

[they are] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit recognizes an additional standard: if "plaintiff[s] can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under either approach, the starting point is a merits analysis.

### A.      Likelihood of Success on the Merits

As a starting point, Plaintiffs argue that their provision of charitable aid to the homeless, either through medical care or food aid, is inherently expressive activity protected by the First Amendment.  (Doc. 37 at 5). Plaintiffs liken charitable aid to charitable contributions and say both are expressive activity "because donating one's resources to advance a collective cause is core expressive and associational activity."  (*Id.* at 6).  The City of Phoenix counters that providing food and medical care to the homeless is not conduct protected by the First Amendment.  (Doc. 40 at 9).  The City of Phoenix says that "the Ordinance bans medical *treatment*, not *speech* about treatment." (*Id.* at 11) So, they say that Plaintiffs cannot succeed on their First Amendment claims that medical and food aid is expressive activity or expressive conduct.  (*Id.* at 8).  The Court agrees.

The First Amendment prohibits laws "abridging the freedom of speech."  U.S. Const. amend. I.  While pure speech is often protected with but a few exceptions, not everything that communicates an idea is necessary cloaked in the First Amendment's protections. *United States v. O'Brien,* 391 U.S. 367, 376 (1968) (rejecting the argument that whenever an idea is expressed that it falls within the realm of protected speech under the First Amendment).  And while conduct that expresses an idea can be considered protected under the First Amendment, the conduct must be imbued with "an intent to convey a particularized message and the likelihood is great that the message will be

understood by those who view it." *Spence v. Washington,* 418 U.S. 405, 409–11 (1974) (standardizing the two-pronged test to determine if conduct is expressive); *Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1059 (9th Cir. 2010).  Even if the conduct is protected, the government has greater latitude in restricting expressive conduct than it does in reining in pure speech.  *Texas v. Johnson,* 491 U.S. 397, 406 (1989).

To determine if the conduct is expressive, the inquiry is two-fold: (1) determine if the conduct is purely expressive activity or (2) if it is conduct that merely contains an expressive component.  *Anderson*, 621 F.3d at 1059.  Conduct that is purely expressive includes things like "music without words, dance, topless dancing, movies, parades with or without banners or written messages, tattoos, and certain paintings." *Id.* Purely expressive conduct is entitled to the full force of the First Amendment's protections without much showing. *Id.* Alternatively, conduct that can express an idea but does not necessarily do so will only be protected if it passes the *Spence* test in that there must be the intent to convey the message and there is a great likelihood that the message will be understood by those who view it. *Spence,* 418 U.S. at 409–11. Examples of this latter category include things like "burning a flag, burning a draft card, and wearing a black armband." *Id.* When conduct is neither inherently expressive nor containing an expressive component, the First Amendment is not triggered.

### i.   Plaintiffs' Provision of Food and Medical Aid is not Inherently Expressive Activity

Plaintiffs argue that when they provide food and medical care to the homeless in the city's parks, it expresses their "core belief" of helping people in need.  (Doc. 37 at 6).[1] Plaintiffs say providing this care to the homeless community is "an inherently expressive

---

[1] Plaintiffs also argue that the Motion should be granted because a similar motion for a temporary restraining order was recently granted in a case challenging this same Ordinance.  The similarities between the two cases, however, end with the Ordinance itself. While the challenged Ordinance is the same, that case was brought by a religious organization challenging the Ordinance on Free Exercise grounds. *See St. Herman's Table v. City of Phoenix*, Case 2:26-cv-03882-KML (D. Ariz., June 10, 2026).  In fact, when Plaintiffs brought a Motion to Transfer, it was denied because the court found the underlying cases were sufficiently unrelated. (*See* 2:26-cv-03882-KML, Doc. 26, Order on Motion to Transfer).

activity because it unquestionably conveys a clear, 'particularized message': namely, that all people deserve dignity, all people deserve access to food, and all people deserve medical care." (*Id.* at 7). They say that the Ordinance, applied to their conduct, carves out their belief system and punishes them for those views.

The Court disagrees that Plaintiffs' provision of medical care or food to the unhoused is inherently expressive conduct under the First Amendment. In so finding, the Court agrees with numerous other courts that have addressed similar questions. *See Pickup v. Brown*, 42 F. Supp. 3d 1347, 1360 (E.D. Cal. 2012), *aff'd*, 728 F.3d 1042 (9th Cir. 2013), and *aff'd*, 740 F.3d 1208 (9th Cir. 2014) (collecting cases definitively deciding that giving and providing healthcare is not constitutionally protected); *Krishna Lunch of S. California, Inc. v. Beck*, 651 F. Supp. 3d 1165, 1170 (C.D. Cal. 2023), *aff'd*, 2023 WL 6157398 (9th Cir. Sept. 21, 2023) ("Serving food is not pure speech[.]").

Notwithstanding this authority, Plaintiffs aim to equate providing charitable food and medical care to providing monetary charitable contributions and say the former should be equally protected under the First Amendment. (Doc. 37 at 6). Plaintiffs cite to *Fresenius Med. Care Orange Cnty., LLC v. Bonta*, 172 F.4th 718, 729 (9th Cir. 2026) for the underlying premise that charitable donations are purely expressive activity. In *Fresenius,* the Ninth Circuit found that a California law capping the amount providers could be reimbursed if they made certain charitable donations triggered exacting scrutiny because it burdened the providers' First Amendment right to associate with expressive associations. *Id*. at 729–30 ("Laws that 'impose[ ] a widespread burden on donors' associational rights' are subject to 'exacting scrutiny.' ") (*citing Americans for Prosperity Found. v. Bonta*, 594 U.S. 595, 618 (2021))).

After reviewing the case, the Court does not find it particularly persuasive or on point. At issue in *Fresenius* was the impact the reimbursement cap had on an insurance provider's right to associate with expressive associations. But no similar burden on Plaintiffs' ability to provide to expressive associations is alleged here. And though the *Fresenius* court rejected California's argument that exacting scrutiny should only apply to

charitable contributions that are *primarily* expressive in nature, it did not go so far as to say *any* charitable donation was expressive. *Id*. at 730. There, California *conceded* that the providers' donations were at least in part expressive. *Id*. The City of Phoenix makes no such concession and in fact says none of the conduct Plaintiff engages in is expressive. It points out that food distribution and medical treatment are activities that are undertaken every day by "individuals as varied as doctors in hospitals, employees at fast-food chains, and parents tending to their children." (Doc. 40 at 9).

The Court agrees that simply providing medical care or food to the unhoused in these circumstances is not purely expressive conduct deserving of exacting scrutiny. The Supreme Court has cautioned that "it is possible to find some kernel of expression in almost every activity a person undertakes—for example, walking down the street or meeting one's friends at a shopping mall—but such a kernel is not sufficient to bring the activity within the protection of the First Amendment." *Barnes v. Glen Theatre, Inc.,* 501 U.S. 560, 570 (1991) (quoting *City of Dallas v. Stanglin,* 490 U.S. 19, 25 (1989)). But here, Circle the City and Valle del Sols' conduct is not purely expressive activity implicating the First Amendment. *Jews for Jesus, Inc. v. Bd. of Airport Comm'rs of City of Los Angeles*, 785 F.2d 791, 793 (9th Cir. 1986), *aff'd*, 482 U.S. 569 (1987).

### ii.        Providing Food and Medical Aid is not Expressive Conduct

Plaintiffs alternatively argue that even if providing charitable aid and medical care is not purely expressive activity, providing medical care and food distribution is expressive conduct deserving of exacting scrutiny because it is imbued with a particular message— "namely that all people deserve dignity . . . access to food . . . and deserve medical care." (Doc. 37 at 8 (citing *Anderson*, 621 F.3d at 1058 ("[C]onduct intending to express an idea is constitutionally protected only if it is 'sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments.' "))). The City of Phoenix argues that nothing in the record suggests that this message is conveyed to a passerby or would be understood by onlookers. (Doc. 40 at 13–14). The Court agrees with the City of Phoenix.

The Court does not doubt Plaintiffs intend to convey a particularized message that "all people" deserve dignity and aim to protest the government's lack of assistance in providing the homeless with resources. (Doc. 37 at 8). *See Spence,* 418 U.S. at 409–11. But the Court must also ask whether there is a great likelihood that the conduct in question would be understood by those who view it as the message that Plaintiffs intend to convey. *Spence,* 418 U.S. at 409–11. Here, Plaintiffs do not argue, and there is nothing in the record that would allow the Court to conclude that passers-by would understand Plaintiffs' particular message. For example, Plaintiffs do not distribute any literature about their respective missions, do not display signs showing that they advocate in favor of a certain position, do not wear certain clothing to signal that they have a viewpoint, and do not argue that they said anything to the recipients of the care while providing the medical and food aid. *Krishna Lunch of S. California, Inc.,* 651 F. Supp. at 1170 (denying a motion for preliminary injunction because of the lack of these indicia when plaintiff handed out free food). *Compare Nourish Our Neighbors v. City of Dayton, Ohio*, 2026 WL 1800996, at *5 (S.D. Ohio June 23, 2026) ("While mere food and clothing distribution in itself may not qualify as expressive conduct, NON's distribution, coupled with its display of promotional advertisements/banners and dissemination of literature, is surely intended to convey a message, that food is a human right and its distribution builds community, which is likely understood by those who view it.") and *Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1240–42 (11th Cir. 2018) (finding plaintiff's food sharing event to be expressive conduct where plaintiff displayed signs that said, "food is a human right, not a privilege"). Because Plaintiffs cannot meet their burden of showing that their conduct is likely to be understood as a particularized message that all people deserve dignity by those who view it, the Court finds that Plaintiff's conduct is not expressive conduct warranting First Amendment protection.

In sum, the Court finds that Plaintiffs' provision of  medical care and food to homeless people in public parks is neither inherently expressive nor is it expressive conduct as presented here. Because the First Amendment is not triggered, the Ordinance need only

be rationally related to a legitimate government interest; the Court need not determine if the Ordinance is a reasonable time, manner, place restriction. *Cuviello v. City & Cnty. of San Francisco*, 940 F. Supp. 2d 1071, 1088 (N.D. Cal. 2013) ("It is the government's burden to justify a time, place, or manner restriction *after* a plaintiff demonstrates it impinges on First Amendment interests.") (emphasis added); *see also Porter v. Gore*, 354 F. Supp. 3d 1162, 1168 (S.D. Cal. 2018) ("But before Defendants are required to defend [] Plaintiff must demonstrate that it abridges "speech," as it is understood in First Amendment jurisprudence."); *Wright v. Incline Vill. Gen. Improvement Dist.*, 665 F.3d 1128, 1141 (9th Cir. 2011) (when no First Amendment rights are involved, an ordinance is examined under rational basis review; that is a court need only ask if it is "rationally related to a legitimate government interest"). The City of Phoenix says that the purpose of the Ordinance is to limit medical waste, such as needles, open drug use, and discarded food waste. (Doc. 40 at 4). Plaintiffs provide the Court with no counterpoint to the City of Phoenix's proffered reasons for the Ordinance. Therefore, the Court finds that Plaintiffs are not likely to succeed on the merits of their claims and not currently entitled to a preliminary injunction.

**B.     Irreparable Harm**

"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Plaintiffs argue that because the Ordinance substantially burdens their First Amendment rights, they have demonstrated irreparable harm. (Doc. 37 at 15). The City of Phoenix counters that having to obtain permits engage in providing aid is not enough to show that Circle the City's speech rights have been infringed. (Doc. 40 at 26). But Plaintiffs' theory of harm rises and falls with the merits. Because Plaintiffs do not argue any harm other than the infringement of a right the Court found is not implicated, the Court further finds that no irreparable harm has been shown.

**C.     Other *Winter* Factors**

The Court finds that neither the balancing of the equities nor the public interest favor granting a preliminary injunction against the City of Phoenix. "The absence of showing a

- 8 -

likelihood of success on the merits, and of irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor or suggest that an injunction would be in the public interest." *Herrera v. Pain Mgmt. Comm. Staff at Corcoran State Prison*, 2012 WL 6698027, at *4 (E.D. Cal. Dec. 21, 2012); *see also Troutman v. Symple Lending LLC*, 2025 WL 2019790, at *7 (C.D. Cal. June 18, 2025). Therefore, the Court does not find that the final two *Winter* factors support issuing a preliminary injunction in Plaintiffs favor.

Accordingly,

**IT IS ORDERED** that Circle the City's Amended Motion for Preliminary Injunction (Doc. 37) is **denied.**

**IT IS FURTHER ORDERED** that the Preliminary Injunction Hearing set for August 12, 2026, is **vacated**.

Dated this 11th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge